IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JOSE ELI AQUILAR-AVELLAVEDA,**[1]

                **Plaintiff,**

      **v.**                                                              **CASE NO. 06-3201-SAC**

**DUKE TERRELL,**

                **Defendant.**


**O R D E R**

Before the court is a civil complaint filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff essentially seeks injunctive relief and discovery related to his allegations that USPLVN staff have intercepted and destroyed legal materials plaintiff prepared for submission to the United States District Court for the Middle District of Florida. Plaintiff also claims the lighting in his segregated cell causes him sleep deprivation and constitutes "mental de-programming."

---

[1] The court notes alternative spellings of plaintiff's name in court records. The spelling of plaintiff's name in his criminal case and direct appeal is "Aquilar-Avellaveda," and this appears to be the spelling of plaintiff's name in Bureau of Prisons records. In his 2255 motion and appeal, plaintiff's name is spelled as "Aguilar-Avellaneda." Although plaintiff's pleadings in the instant action reflect this latter spelling of his name, the court uses plaintiff's name as spelled by the Bureau of Prisons.

Although plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and the Alien Tort Claims Act, 28 U.S.C. § 1350, the court liberally construes this action as seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for the alleged violation of plaintiff's constitutional rights.

The court further finds the complaint is subject to being dismissed without prejudice based on plaintiff's apparent failure to fully exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), plaintiff is required to fully exhaust administrative remedies on all claims presented in his complaint. Plaintiff has the burden of pleading exhaustion of administrative remedies. He "must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003). Because plaintiff identifies no such exhaustion of administrative remedies on any of his claims, the court directs plaintiff to show cause why the complaint should be not be dismissed without prejudice to plaintiff refiling his complaint when he can satisfy this statutory requirement for bringing an action in a federal court. The failure to file a timely response may result in the dismissal of this matter without prejudice and without further prior notice to the plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement the record to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 27th day of July 2006 at Topeka, Kansas.


    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge