IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JOSE ELI AQUILAR-AVELLAVEDA,**

                      **Plaintiff,**

       v.                                      CASE NO. 06-3201-SAC

**DUKE TERRELL,**

                      **Defendant.**


**O R D E R**

Plaintiff, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se on a <u>Bivens</u> complaint seeking injunctive relief and discovery related to his allegations that USPLVN staff have intercepted and destroyed legal materials plaintiff prepared for submission to the United States District Court for the Middle District of Florida. Plaintiff also seeks relief on allegations that the lighting in his segregated cell causes him sleep deprivation and constitutes "mental de-programming."

By an order dated July 27, 2006, the court directed plaintiff to show cause why the complaint should not be dismissed without prejudice, based upon plaintiff's failure to demonstrate full exhaustion of administrative remedies on all claims asserted in the complaint. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See also* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).

In response, plaintiff describes his attempts to have USPLVN officials address the alleged unlawful withholding of trial transcripts and other legal mail in May 2006, but details or documents only informal inmate requests, a claim filed under the Federal Tort Claims Act, and an undated administrative grievance submitted to the USPLVN warden. There is no indication plaintiff sought further administrative review of the warden's response or failure to respond.[1]

Instead, plaintiff documents his attempt to exhaust administrative remedies through an inmate request form and administrative grievance dated approximately a week after the filing of the instant complaint, alleging interference with his receipt of trial transcripts and the filing of pleadings. Once again, plaintiff's description and documentation includes no appeal beyond that submitted to the USPLVN warden.

---

[1] Plaintiff also cites a "motion to compel" he previously submitted to this court, seeking a court order requiring defendants to turn over plaintiff's trial transcripts. There is nothing to suggest a complaint or filing fee (or motion for leave to proceed in forma pauperis) supported this bare motion which was not filed or docketed for the court's consideration.

Having reviewed plaintiff's response, the court finds the complaint should be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

Plaintiff's attempt to exhaust administrative remedies after filing his complaint does not satisfy the demand of 42 U.S.C. § 1997e(a) which requires a prisoner to fully exhaust administrative remedies *prior* to the filing of a complaint in federal court.  The failure to do cannot be cured by the pursuit of administrative remedies while the action is pending.  Instead, if the time for seeking administrative review has not expired, "a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit (in the event the administrative claim fails to afford him the desired relief)."  Steele v. Federal Bureau of Prisons, 355 F.2d 1204, 1213 (10th Cir. 2003)(*quoting* Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1999)), *cert. denied* 543 U.S. 925 (2004).  *See also* Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1139 (10th Cir. 2005)(same).

And significantly, plaintiff's failure to pursue administrative appeals to the regional and national level fail to demonstrate "full exhaustion" of available administrative remedies.  *See* Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)(inmate who begins grievance procedure and does not complete it by filing appeal after response time has expired is barred by 1997e(a) from pursuing claim under 42 U.S.C. § 1983).  *See also* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;"

3

prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

The court thus concludes the complaint should be dismissed, based upon plaintiff's failure to demonstrate compliance with 42 U.S.C. § 1997e(a).

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is dismissed as moot.

**IT IS SO ORDERED.**

DATED:  This 18th day of August 2006 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge