IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSE ELI AQUILAR-AVELLAVEDA,

                        Plaintiff,

            v.                              CASE NO. 06-3201-SAC

DUKE TERRELL,

                  Defendant.


                      O R D E R

     Plaintiff, a prisoner currently incarcerated in a federal
facility in Mississippi, proceeds pro se on a complaint liberally
construed by the court as filed under Bivens v. Six Unknown Named
Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging
the violation of plaintiff's constitutional rights while confined in
the United States Penitentiary in Leavenworth, Kansas (USPLVN).  The
sole person clearly identified as a defendant in the complaint is
the USPLVN warden at the time of plaintiff's confinement in that
facility, although within his pleading plaintiff refers to other
USPLVN members as aiding and abetting in the alleged misconduct.

     The court previously dismissed plaintiff's complaint without
prejudice, pursuant to 42 U.S.C. § 1997e(a), and dismissed as moot
plaintiff's motion for leave to proceed in forma pauperis under 28
U.S.C. § 1915.  The Tenth Circuit Court of Appeals vacated that
order, and remanded the case to this court for further consideration
in accordance with Jones v. Bock, --- U.S. ----, 127 S.Ct. 910 (Jan.
22, 2007).  Accordingly, the court considers plaintiff's motion for

leave to proceed without prepayment of the district court filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action.  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).  Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee.  Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

To establish a <u>Bivens</u> cause of action, a party must have some evidence to support finding that federal agent acting under color of such authority violated some cognizable constitutional right of

_____

[1]The court granted plaintiff leave to proceed in forma pauperis on the appeal plaintiff filed in this matter.  Plaintiff is currently obligated to pay the remainder of that $455.00 appellate filing fee in Tenth Circuit Appeal No. 06-3334.

plaintiff.  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  *See* Seigert v. Gilley, 500 U.S. 226 (1991)(to support Bivens claim, alleged conduct must rise to level of constitutional violation).

In this action, plaintiff seeks discovery from the USPLVN warden and relief related to allegations that USPLVN staff intercepted and destroyed legal materials plaintiff prepared for submission to the United States District Court in the Middle District of Florida, and that the lighting in plaintiff's segregated cell caused him sleep deprivation and constituted "mental de-programming."

Plaintiff's attempt at discovery, however, is premature at best, and plaintiff's requests for injunctive and declaratory relief were rendered moot by plaintiff's transfer from USPLVN.  *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions).  *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

To any extent plaintiff also seeks damages from the USPLVN warden, plaintiff fails to identify any personal participation by this defendant in the alleged misconduct which is an essential element in stating a cognizable claim for relief against this defendant.  *See* Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable simply by virtue of the defendant's supervisory position.  Rizzo v. Goode, 423 U.S. 362 (1976).  Likewise, to the extent plaintiff may be seeking damages

from other USPLVN staff members, plaintiff must submit an amended complaint that more clearly identifies these individuals as defendants, and their personal participation in the alleged violation of his constitutional rights.

The court thus grants plaintiff an opportunity to amend the complaint to identify any additional defendants, and to show cause why plaintiff's claims against the USPLVN warden should not be summarily dismissed for the reasons stated by the court. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff has satisfied his outstanding fee obligation.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to file an amended complaint that clarifies whether additional USPLVN defendants are being named as defendants, and to show cause why all claims against Duke Terrell should not be summarily dismissed as moot and as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 5th day of March 2008 at Topeka, Kansas.


　s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4