IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSE ELI AQUILAR-AVELLAVEDA,**

                **Plaintiff,**

      **v.**                                         **CASE NO. 06-3201-SAC**

**DUKE TERRELL,**

                **Defendant.**

**O R D E R**

Plaintiff, a prisoner in federal custody, proceeding pro se on a complaint liberally construed by the court as filed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleges the violation of plaintiff's constitutional rights while confined in the United States Penitentiary in Leavenworth, Kansas (USPLVN). By an order dated March 5, 2008, the court directed plaintiff to show cause why the complaint which named the USPLVN warden at the time as the sole defendant should not be summarily dismissed as moot and as stating no claim for relief. The court also granted plaintiff an opportunity to file an amended complaint if plaintiff intended to name additional USPLVN defendants.

On April 23, 2008, the court dismissed the complaint as moot and as stating no claim for relief, based upon the reasons stated on March 5, 2008, and plaintiff's failure to file a response to that order.

Before the court is plaintiff's motion for an extension of time

to file a response to the March 5, 2008, order. Plaintiff states he was transferred from USPLVN on March 7, 2008, and received his copy of the March 5, 2008, show cause order on March 26, 2008. He states he was again transferred on April 15, 2008, to Louisiana to await deportation. There he drafted the instant request for additional time to file a response, and handed it and his notice of his new address to prison officials on April 30, 2008, for mailing. Both were received and docketed by this court on May 5, 2008.

Having reviewed the record, the court denies plaintiff's motion. It is not clear whether plaintiff was aware of the final order and judgment entered in this matter on April 23, 2008, when he prepared the instant motion. Nonetheless, even if the motion were to be liberally construed as a timely filed motion to alter and amend that judgment, *see* Fed.R.Civ.P. 59(e),[1] the court finds no sound basis has been presented for granting such relief.

In his motion, plaintiff essentially argues his transport between facilities and resulting administrative confinement rendered it impracticable to impossible for him to research and prepare a timely response to the March 5, 2008, show cause order. However, plaintiff fails to adequately explain why he did not advise the court of his circumstances and seek an extension of time to prepare a response when he received a copy of that order on March 26, 2008, prior to the court's dismissal of the complaint almost a month later. Under the circumstances, the court finds it has not

---

[1] *See* Price v. Philpot, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005)(motion for relief from judgment filed within ten days of entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e)).

2

misapprehended the facts, plaintiff's claims, or the controlling law, and concludes the judgment entered in this matter should not be set aside to allow plaintiff additional time to file a response to the order entered on March 5, 2008.

IT IS THEREFORE ORDERED that plaintiff's pro se motion for an extension of time (Doc. 26) is liberally construed as a motion to alter and amend the judgment entered in this matter on April 23, 2008, and the motion is denied.

**IT IS SO ORDERED.**

DATED:  This 15th day of October 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge